CINCINNATI DOUBLE WALL CO. v. MICHAEL F.
FITZPATRICK ET AL.

Decided June 2, 1933.

*Phineas S. Phillips, Morris L. Effron,* and *F. E. Burnett,*
for plaintiff.

*Forney & Schreiber,* for defendants.

SCHWAB, J.

This matter is before the court upon the demurrer of the
defendants to the plaintiff's amended petition upon the
ground that the amended petition does not state facts suf-
ficient to constitute a cause of action.

The amended petition herein recites that the defendants
entered into a contract in writing with the plaintiff, where-
by the plaintiff agreed to sell and convey to the defendants
by deed of general warranty the real estate described in the
amended petition; that the defendants agreed under such
contract to purchase the real estate for the sum of forty-
eight thousand ($48,000.00) dollars, and that the defend-
ants did assume and agree to pay the water and sewer as-
sessments on such real estate, together with the taxes due
and payable thereon in December 1929, and thereafter until
the contract was duly executed and completed.

The payments on the purchase price were as follows:

"1. $7500.00 upon the signing of the agreement;
"2. A conveyance from the plaintiff to the defendants

of a certain piece of real estate which had a mortgage on it and the agreed equity therein was $9000.00;

"3. The sum of $5000.00 within six months from the date of the signing of the contract;

"4. $15,000.00 on or before September 16, 1929;

"5. The balance of said purchase price, to-wit, $11,500.-00 was to be paid on or before eighteen months from the date of the written agreement."

This agreement was entered into on the 17th day of September, 1928. The written agreement further provided that the plaintiff would convey to the defendants, or to such parties as the defendants might in writing direct, any of the lots described in the contract before the maturity of the contract on March 17, 1930, upon the payment by the defendants to the plaintiff of the amounts set forth in the contract as the purchase price of each of said lots.

The petition further alleges that the defendants conveyed to the plaintiff the property which it agreed to convey in the contract; that they paid $7500 upon the signing of the contract; and the sum of $5000.00 on March 30, 1929; that the defendants availed themselves of the privilege of purchasing the number of lots set forth in the contract.

Plaintiff then alleges that it has received from defendants the sum of $26,800.00, and that there is due under the terms of the contract the sum of $21,200.00, which the defendants have failed to pay to the plaintiff, although repeated demands have been made therefor, and which amount the defendants still refuse to pay to the plaintiff, although the plaintiff has at all times herein mentioned been ready, willing and able to convey the premises and is still ready, willing and able to do so, on the request of the defendants, according to the terms of the written agreement.

Plaintiff further alleges that the defendants have failed and refused to pay all taxes, sewer and water assessments, which have become a lien upon the premises and that plaintiff has been compelled to pay the delinquent taxes on the property which it transferred to defendants.

Wherefore, the plaintiff prays that the premises described, less the lots conveyed to the defendants, be ordered sold and all the right, title and interest of the defendants to this proceeding therein foreclosed; that the sum realized therefrom be applied to the satisfaction of the plaintiff's

claim, and for such other and further relief as is just, equitable and proper.

The contention of the defendants in support of their demurrer is that the petition fails to recite that the plaintiff made a tender to the defendants of a deed of general warranty, as called for by the contract, on or about the date provided for in such contract for the consummation thereof, and in support of this contention cite the case of *Raudabaugh* v. *Hart*, 61 O. S., p. 73, syllabus 2 reading as follows:

"Where two acts are to be done at the same time, as when the vendor has agreed to convey interests in real estate upon the payment of a given sum as purchase money, the deal to be closed by a certain day named, and the purchaser has agreed to pay the purchase money, a part on that day and the balance in one year, the conditions are what are known in law as mutual conditions, and neither party can maintain an action against the other without averring a performance, or an offer to perform on his part. Mere willingness and readiness to perform, uncommunicated to the other part, will not avail. And it is not, in such case, sufficient that the plaintiff aver that from the date of the making of the contract to and including the day at which it was to be completed, 'he was ready and willing to do and perform everything to be done by him in the carrying out of said sale and contract.' Nor are the averments sufficient, when, in addition thereto, he avers that 'the defendant, although often requested so to do, has refused to comply with said contract, and has at all times refused to comply with said contract, and has at all times refused to transfer and deliver said property to plaintiff.' "

Also syllabus 3, reading as follows:

"A petition declaring upon such contract, which contains neither an allegation of performance nor of tender of performance, will be held bad on general demurrer."

The rule thus announced has been modified in the case of *The Wiedemann Brewing Co.,* v. *Maxwell,* 78 O. S. 54, syllabus 2 reading as follows:

"The general rule is that a party seeking specific performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part

communicated to the other party accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

This case is cited with approval in the case of *McCarthy* v. *Lingham,* 111 O. S., 551, at page 559.

It will be observed from a reading of the petition that the acts to be performed by the defendants, and which the plaintiff complains the defendant failed to perform, were to be performed independent of the conveyance by the plaintiff and were not to be concurrent with such conveyance.

13 Corpus Juris, 725, Section 848, reads as follows:

"When the promises or covenants in an agreement are mutual and dependent or concurrent, plaintiff must aver performance of at least an offer to perform, on his part, or a legal excuse for non-performance. But where a defendant has repudiated the contract an allegation of performance by the plaintiff is unnecessary and, where plaintiff's promise or covenant which forms the consideration has been accepted and enjoyed by defendant, who refuses to proceed with performance of the contract, plaintiff may recover without alleging performance of the residue. Where the promises or covenants are independent plaintiff need not aver the performance of his own promise and covenant."

The court is therefore of the opinion that the demurrer herein is not well taken and the same will be overruled.